UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JEAN D., STEVEN R., LEON G., MARIA R., :
C. R., ERIC C., STEPHEN G., FRANCES D., :
C. K., BRENDA B., OLGA G., TRACI B., :
WILLIAM F., AND RICHARD G., individually :
and on behalf of all persons similarly :
situated, :
                                      :
                    Plaintiffs        :    COMPLAINT-
                                           CLASS ACTION
          - against -                 :

MARIO CUOMO, as Governor of the State of :
New York; RICHARD C. SURLES, as       :
Commissioner of the New York State    :
Office of Mental Health; MARLENE LOPEZ, :
as Director of the Bronx Psychiatric  :
Center; JAMES RAMSEUR, as Director of :
the Central Islip Psychiatric Center; :
ALAN WEINSTOCK, as Director of the    :
Creedmoor Psychiatric Center; DR.     :
STEPHEN LAWRENCE, as Director of the  :
Kings Park Psychiatric Center; PATRICIA :
ROACH, as Director of the Kingsboro   :
Psychiatric Center; DR. MICHAEL FORD, as :
Director of the Manhattan Psychiatric :
Center; PEGGY O'NEILL, as Director of :
the Pilgrim Psychiatric Center; and DR. :
LUCY SARKIS, as Director of the South :
Beach Psychiatric Center,             :
                                      :
                    Defendants.       :
------------------------------------x

90 CIV. 0861

JUDGE KRAM

PRELIMINARY STATEMENT

1.   Plaintiffs, by their attorneys, New York Lawyers for the Public Interest, Inc., and Mental Hygiene Legal Service, First and Second Judicial Departments, for their complaint allege the following:

1

2. Plaintiffs, a class of patients on locked wards at state psychiatric hospitals in New York State, bring this action seeking a declaratory judgment that the State of New York is violating their constitutional rights and unlawfully discriminating against them by denying them regular access to fresh air and exercise. Plaintiffs also seek injunctive relief for themselves individually and for subclasses representing patients on locked wards at each of the eight state psychiatric hospitals named in the complaint: Bronx Psychiatric Center; Central Islip Psychiatric Center; Creedmoor Psychiatric Center; Kings Park Psychiatric Center; Kingsboro Psychiatric Center; Manhattan Psychiatric Center; Pilgrim Psychiatric Center and South Beach Psychiatric Center.

3. The state psychiatric hospitals are primarily long-term care facilities for both voluntary patients and those who are involuntarily committed under Article 9 of the New York State Mental Hygiene Law and under Articles 330 and 730 of the Criminal Procedure Law. Currently, the policy of the Office of Mental Health is to lock almost all wards of the state psychiatric hospitals. Most patients are not permitted to leave the locked wards by themselves, and staff do not take them outside regularly for fresh air and exercise. Neither the Office of Mental Health nor any of the individual psychiatric hospitals have a uniform policy for providing access to fresh air and exercise for those patients who are confined to locked wards.

4. Fresh air and exercise is essential to physical and psychological health. Despite the clear importance of fresh air and exercise, the New York State Office of Mental Health and the individual state psychiatric hospitals do not require that patients be provided with regular access to fresh air and exercise.

5. Other state agencies charged with responsibility for overseeing institutional populations have clear policies requiring that individuals in their institutions have access to fresh air and exercise. The Office of Mental Retardation and Developmental Disabilities has enunciated a policy governing developmental centers for long-term care that requires "[a] minimum of two hours per day of recreational (diversional) activity shall be provided for each client and, weather permitting, recreational activities shall take place out-of-doors." New York State Office of Mental Retardation and Developmental Disabilities Policies and Procedures, Directive 7.21.4.

6. Even for prisoners confined at the highest security level, the New York State Department of Corrections requires that inmates "must be permitted one hour of outdoor exercise daily, exclusive of the time it takes to go to and return from the exercise area." 7 N.Y.C.R.R. § 304.3.

7. In this action, plaintiffs seek a declaratory judgment that defendants' failure to provide patients at state psychiatric hospitals with regular access to fresh air and exercise and to the hospitals' recreational facilities violates Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, 42 U.S.C. § 1983, and the Fourteenth Amendment to the Constitution. Plaintiffs seek injunctive relief for the individual plaintiffs and each subclass, representing patients on locked wards at each hospital, as set forth below to require the defendants to ensure that all patients on locked wards at those psychiatric hospitals receive regular access to fresh air and exercise.

## JURISDICTION AND VENUE

8. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(3) & (4).

9. Venue lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1392(a) because all defendants reside in districts in New York State. Defendants Marlene Lopez and Dr. Ford reside in the Southern District of New York. The cause of action arose within the Southern District of New York as to plaintiffs Jean D., Steven R., Brenda B. and Olga G.

§ 1983 and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

(3) <u>Typicality</u>: The claims of the representative parties are typical of claims of the class in that the named plaintiffs are patients at state psychiatric hospitals who are subject to the same conditions as are members of the class generally. The name of each class representative for each subclass, representing patients on locked wards at each hospital, is set forth opposite the name of the hospital.

| | |
|---|---|
| Bronx Psychiatric Center | Jean D. <br> Steven R. |
| Central Islip Psychiatric Center | Leon G. |
| Creedmoor Psychiatric Center | Maria R. <br> C. R. |
| Kings Park Psychiatric Center | Eric C. <br> Stephen G. |
| Kingsboro Psychiatric Center | Frances D. <br> C. K. |
| Manhattan Psychiatric Center | Brenda B. <br> Olga G. |
| Pilgrim Psychiatric Center | Traci B. <br> William F. |
| South Beach Psychiatric Center | Richard G. |

(4) <u>Adequate Representation</u>: The named plaintiffs, as representatives of the class, will fairly and adequately secure the interests of the class. The named plaintiffs are

6

## CLASS ACTION ALLEGATIONS

10. Plaintiffs seek to represent the class of mentally ill persons who, at the present time or in the future, are or will be placed on locked wards at state psychiatric hospitals in New York State.

11. This action is properly maintainable as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure in that defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

12. This action is properly maintainable as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure in that:

(1) <u>Numerosity</u>: The number of persons in the class are so numerous as to make joinder impracticable. There are over 3,000 members of the class.

(2) <u>Commonality</u>: The questions of law and fact raised in this complaint are common to all members of the class in that defendants have, for an extended period of time, failed to provide them with regular access to fresh air and exercise in violation of the Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, 42 U.S.C.

5

adequately represented by counsel experienced in class action litigation and the relief sought by them will inure to the benefit of members of the class generally.

## PARTIES

A. <u>Named Plaintiffs</u>*

13.   JEAN D. is a psychiatric patient on a locked ward at Bronx Psychiatric Center. She has "escorted privileges." She is not allowed to leave the ward without an escort. She is confined to the ward without any access to fresh air and exercise for weeks at a time because she is not provided with an escort to take her off the ward.

14.   STEVEN R. is a psychiatric patient on a locked ward at Bronx Psychiatric Center. He has been denied any privileges. He has been confined to a locked ward without any access to fresh air and exercise since September 1989.

15.   LEON G. is a psychiatric patient on a locked ward at Central Islip Psychiatric Center. He has "escorted privileges." He is not permitted to leave the ward without an escort. He is confined to the ward without access to fresh air and exercise for

---

\*   Plaintiffs are proceeding anonymously in this action in order to avoid being subjected to public identification and the resulting stigma associated with long-term psychiatric hospitalization. Plaintiffs' real names will be provided to defendants separately with service of the complaint. Plaintiffs will move for permission to continue proceeding in this manner simultaneously with the filing of the summons and complaint.

weeks at a time because he is not provided with an escort to take him off the ward.

16. MARIA R. is a psychiatric patient on a locked ward at Creedmoor Psychiatric Center. She has been denied any privileges. She is confined to a locked ward without any access to fresh air and exercise for weeks at a time.

17. C. R. is a psychiatric patient on a locked ward at Creedmoor Psychiatric Center. She has "escorted privileges." She is not permitted to leave the ward without an escort. She is confined to the ward without access to fresh air and exercise for weeks at a time because she is not provided with an escort to take her off the ward.

18. ERIC C. is a psychiatric patient on a locked ward at Kings Park Psychiatric Center. He has been denied any privileges. He is confined to a locked ward without any access to fresh air and exercise for weeks at a time.

19. STEPHEN G. is a psychiatric patient on a locked ward at Kings Park Psychiatric Center. He has "escorted privileges." He is not permitted to leave the ward without an escort. He is confined to the ward without access to fresh air and exercise for weeks at a time because he is not provided with an escort to take him off the ward.

20. FRANCES D. is a psychiatric patient on a locked ward at Kingsboro Psychiatric Center. She is a diabetic, and because of her medical condition, her treatment team has placed her on one-to-one supervision. She has "escorted privileges." She is confined to the ward without access to fresh air and exercise a week at a time.

21. C. K. is a psychiatric patient on a locked ward at Kingsboro Psychiatric Center. She has been denied any privileges. She leaves the ward only for medical appointments. She has been confined to the ward without access to fresh air and exercise for months at a time.

22. BRENDA B. is a psychiatric patient on a locked ward at Manhattan Psychiatric Center. She uses a wheelchair because of her physical disability; she is a double amputee. She has "escorted privileges." She cannot leave the ward without an escort. She is confined to the ward without access to fresh air and exercise for weeks at a time because she is not provided with an escort to take her off the ward.

23. OLGA G. is a psychiatric patient on a locked ward at Manhattan Psychiatric Center. Olga G. is 65 years of age, and all the patients on her ward are elderly women. She had unescorted privileges from August to October 1988. After another patient from her ward attempted to leave the facility without consent, the medical treatment team revoked the privileges of a

large group of patients, including Olga. Since Olga's unescorted privileges were revoked, she has had "escorted privileges." She is not permitted to leave the ward without an escort, She is confined to the ward without access to fresh air and exercise for weeks at a time because she is not provided with an escort to take her off the ward.

24. TRACI B. is a psychiatric patient on a locked ward at Pilgrim Psychiatric Center. She has been denied any privileges. She is confined to a locked ward without any access to fresh air and exercise for months at a time.

25. WILLIAM F. is a psychiatric patient on a locked ward at Pilgrim Psychiatric Center. He has "escorted privileges." He is not permitted to leave the ward without an escort. He is confined to the ward without any access to fresh air and exercise for weeks at a time because he is not provided with an escort to take him off the ward.

26. RICHARD G. is a psychiatric patient at South Beach Psychiatric Center. He has "escorted privileges." He is not permitted to leave the ward without an escort. He is confined to the ward without access to fresh air and exercise for weeks at a time because he is not provided with an escort to take him off the ward.

B. <u>Defendants</u>

27. Defendant MARIO CUOMO is the Governor of the State of New York and is sued here in his official capacity. Governor Cuomo has the responsibility to ensure that agencies of the Executive Department of the State, including the New York State Office of Mental Health, act in full compliance with the Constitution and laws of the United States.

28. Defendant RICHARD C. SURLES is the Commissioner of the New York State Office of Mental Health and is sued here in his official capacity. Pursuant to sections 7.07 and 7.15 of the New York Mental Hygiene Law, he is charged with the affirmative obligation of developing and implementing comprehensive plans, programs, care and treatment for the mentally ill. The Commissioner of Mental Health is responsible for establishing policy and procedures for the state psychiatric hospitals in New York State pursuant to New York Mental Hygiene Law § 7.17. In addition, defendant Surles is responsible for the administration of services to the mentally ill in this state. There are thirty-four state psychiatric hospitals under the jurisdiction of the Commissioner of Mental Health, including the Bronx Psychiatric Center, Central Islip Psychiatric Center, Creedmoor Psychiatric Center, Kings Park Psychiatric Center, Kingsboro Psychiatric Center, Manhattan Psychiatric Center, Pilgrim Psychiatric Center

and South Beach Psychiatric Center. N.Y. Mental Hygiene Law § 7.17(b).

29. Defendant MARLENE LOPEZ is the Director of the Bronx Psychiatric Center and is sued here in her official capacity.

30. Defendant JAMES RAMSEUR is the Director of the Central Islip Psychiatric Center and is sued here in his official capacity.

31. Defendant ALAN WEINSTOCK is the Director of the Creedmoor Psychiatric Center and is sued here in his official capacity.

32. Defendant DR. STEPHEN LAWRENCE is the Director of the Kings Park Psychiatric Center and is sued here in his official capacity.

33. Defendant PATRICIA ROACH is the Director of the Kingsboro Psychiatric Center and is sued here in her official capacity.

34. Defendant DR. MICHAEL FORD is the Director of the Manhattan Psychiatric Center and is sued here in his official capacity.

35. Defendant PEGGY O'NEILL is the Director of the Pilgrim Psychiatric Center and is sued here in her official capacity.

and South Beach Psychiatric Center. N.Y. Mental Hygiene Law § 7.17(b).

29. Defendant MARLENE LOPEZ is the Director of the Bronx Psychiatric Center and is sued here in her official capacity.

30. Defendant JAMES RAMSEUR is the Director of the Central Islip Psychiatric Center and is sued here in his official capacity.

31. Defendant ALAN WEINSTOCK is the Director of the Creedmoor Psychiatric Center and is sued here in his official capacity.

32. Defendant DR. STEPHEN LAWRENCE is the Director of the Kings Park Psychiatric Center and is sued here in his official capacity.

33. Defendant PATRICIA ROACH is the Director of the Kingsboro Psychiatric Center and is sued here in her official capacity.

34. Defendant DR. MICHAEL FORD is the Director of the Manhattan Psychiatric Center and is sued here in his official capacity.

35. Defendant PEGGY O'NEILL is the Director of the Pilgrim Psychiatric Center and is sued here in her official capacity.

36.  Defendant DR. LUCY SARKIS, is the Director of the South Beach Psychiatric Center and is sued here in her official capacity.

## FACTUAL ALLEGATIONS

37.  Bronx Psychiatric Center, Creedmoor Psychiatric Center, Kings Park Psychiatric Center, Kingsboro Psychiatric Center, Manhattan Psychiatric Center, Pilgrim Psychiatric Center and South Beach Psychiatric Center are primarily long-term care facilities for both voluntary patients and those who are involuntarily committed under Article 9 of the New York State Mental Hygiene Law and Articles 330 and 730 of New York State Criminal Procedure Law.

38.  Currently, the policy of the Office of Mental Health is to lock almost all wards of the state psychiatric hospitals. Most patients are not permitted to leave the locked wards by themselves, and the hospital staff do not take the patients who are confined to locked wards outside regularly for fresh air and exercise.

39.  A small proportion of the patients at state psychiatric hospitals are permitted to leave the wards by themselves. These patients have unescorted privileges and therefore have regular access to fresh air and exercise and are able to use the recreational facilities regularly. These patients are generally

less severely ill than those who are confined to locked wards and have been denied unescorted privileges.

40. A large number of patients like Jean D., Leon G., C. R., Stephen G., Frances D., Brenda B., Olga G., William F. and Richard G. have escorted privileges and are permitted to leave the wards to go outside for fresh air and exercise only if an escort is provided. There are also a significant number of patients like Steven R., Maria R., Eric C., C.K., and Traci B. who do not have any grounds privileges and are permitted to leave the ward only if an escort is provided and then only for a specific reason such as a medical appointment. Staff escorts are not provided on a regular basis to enable patients without unescorted privileges (who either have escorted privileges or do not have any grounds privileges) to go outdoors for fresh air and exercise or to use the indoor recreational equipment. As a result, patients without unescorted privileges are confined to locked wards without access to fresh air and exercise for weeks and months at time.

41. The locked wards of the state psychiatric hospitals are typically poorly ventilated and dingy. The wards generally do not have air-conditioning so the wards are often sweltering during the summer. During the winter, the heat on the wards cannot be adjusted so the wards are often too warm. There are

also limited opportunities for exercise or athletic activity on the wards.

42. Each of the named state psychiatric hospitals has outdoor grounds, and in many cases, basketball courts, volleyball courts, shuffleboard courts and other activities are available on the outdoor grounds.  There are also indoor recreational facilities at the named psychiatric hospitals, including, in many cases, gymnasiums, pools, and bowling alleys.  Because patients must leave their wards to reach these areas, most patients do not have regular access to the outdoor grounds and other recreational facilities.

43. Fresh air and exercise is essential to physical and psychological health.  Despite the clear importance of fresh air and exercise, the New York State Office of Mental Health and the individual state psychiatric hospitals do not provide patients with regular access to fresh air and exercise.

## FIRST CAUSE OF ACTION

44. The New York State Office of Mental Health receives federal funds to provide services to people with mental illness in New York State.

45. The State of New York provides regular access to fresh air and exercise to mentally retarded and developmentally disabled individuals in developmental centers and to prisoners in state prisons.

46. The State of New York, the Office of Mental Health and the individual state psychiatric hospitals provide regular access to fresh air and exercise to patients with unescorted privileges, who are generally considered by defendants to be less severely ill than those who are confined to locked wards and have been denied unescorted privileges.

47. Patients on locked wards at state psychiatric hospitals are, solely by reason of their handicaps, excluded from the participation in, denied the benefits of, and subjected to discrimination in access to fresh air and exercise in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and 42 U.S.C. § 1983.

SECOND CAUSE OF ACTION

48. Patients on locked wards at state psychiatric hospitals are denied regular access to fresh air and exercise whereas the State of New York provides regular access to fresh air and exercise to mentally retarded and developmentally disabled individuals in state developmental centers and to prisoners in state prisons, and the State and the Office of Mental Health and the individual state psychiatric hospitals provide regular access

to fresh air and exercise to patients with unescorted privileges, who are generally considered by defendants to be less severely ill than patients who are confined to locked wards and have been denied unescorted privileges. This intentional discrimination by defendants with respect to regular access by plaintiffs and the plaintiff class to fresh air and exercise violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION

49. Defendants' actions violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 by depriving plaintiffs and other members of the class of their rights, while in the care and custody of the State: (1) to safety and freedom from undue restraint; (2) to minimally adequate reasonable training to ensure their safety and freedom from undue restraint; (3) to protect their health; and (4) to prevent their loss of physical and psychological self-care skills, while confined to locked wards by the defendants.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the court grant the following relief:

1. Declare that defendants' failure to provide members of the plaintiff class with regular access to fresh air and exercise and with access to available recreational facilities discriminates against members of the plaintiff class in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. § 1983;

2. Direct, by preliminary and permanent injunction, that defendants immediately provide access to fresh air and exercise on a regular basis to the individual plaintiffs and all members of each subclass;

3. Direct defendants to pay plaintiffs' litigation costs and reasonable attorneys' fees; and

4. Grant such other and further relief as the Court may deem just and proper.

Dated:  February 8, 1990
        New York, New York

Of Counsel:
Ellen M. Saideman
Herbert Semmel
Marilyn A. Kneeland

NEW YORK LAWYERS FOR THE
    PUBLIC INTEREST, INC.

By: _____

135 East 15th Street
New York, New York  10003
(212) 777-7707

MENTAL HYGIENE LEGAL SERVICE
First Judicial Department
Clifford S. Karr,
Acting Director

By: _____

Of Counsel:
Marvin Bernstein
Stephen J. Harkavy

41 Madison Avenue
New York, New York  10005
(212) 889-6486

Of Counsel:
Dennis B. Feld

MENTAL HYGIENE LEGAL SERVICE
Second Judicial Department
Gerald W. Kaplan, Director

By: _____

170 Old Country Road
Mineola, New York  11501
(516) 746-4545